United States District Court
Southern District of Texas

**ENTERED**

May 22, 2026

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| JULIAN DEL BOSQUE | § | |
| | § | |
| | § | |
| VS. | § | |
| | § | CIVIL ACTION NO. 5:26-CV-802 |
| | § | |
| JUAN M. DOMINGUEZ BERLANGA *et al.* | § | |

## **ORDER**

Before the Court is Defendant Juan M. Dominguez Berlanga's Notice of Removal. (Dkt. No. 1). Plaintiff originally filed his petition in the 49th Judicial District Court of Webb County, Texas. (*Id.* at 1). Defendant Berlanga asserts that the Court has subject matter jurisdiction because there is complete diversity among the parties and the amount in controversy exceeds $75,000. (*Id.* at 2); *see* 28 U.S.C. § 1332(a).

"Federal trial . . . courts have the duty to examine the basis for their subject matter jurisdiction, doing so on their own motion if necessary." *Lewis v. Hunt*, 492 F.3d 565, 568 (5th Cir. 2007) (internal quotations omitted). Because federal courts have limited jurisdiction, parties must make "clear, distinct, and precise affirmative jurisdictional allegations" in their pleadings. *SXSW, L.L.C. v. Federal Ins. Co.*, 83 F.4th 405, 408 (5th Cir. 2023) (citing *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988)). Cases are presumed to lie outside the Court's limited federal jurisdiction and "the burden of establishing the contrary rests upon the party asserting jurisdiction." *Hood ex rel. Miss. v. JP Morgan Chase & Co.*, 737 F.3d 78, 84 (5th Cir. 2013) (per curiam). "If the court determines at any time that it lacks subject-

matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

For a federal court to exercise subject matter jurisdiction based on diversity, there must be complete diversity of citizenship between the parties and the amount in controversy must exceed $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)–(b). "[C]omplete diversity requires that all persons on one side of a controversy be citizens of different states than all persons on the other side." *Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 830, 836 (5th Cir. 2017) (citation omitted). "When jurisdiction depends on citizenship, citizenship should be distinctly and affirmatively alleged." *McGovern v. American Airlines, Inc.*, 511 F.2d 653, 654 (5th Cir. 1975) (internal quotations and citations omitted). "Failure [to adequately] allege the basis for diversity jurisdiction mandates dismissal." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001).

In determining the citizenship of natural persons, "an allegation of residency alone does not satisfy the requirement of an allegation of citizenship." *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019). Instead, "[a]n individual's citizenship is determined by his or her domicile, rather than residence." *Alston v. Prairie Farms Dairy, Inc.*, No. 4:18-cv-00157. 2018 WL 11270947, at *1 (N.D. Miss. Oct. 24, 2018).

In his Notice of Removal, Defendant Berlanga alleges Plaintiff "is a natural person who resides in Texas" whose citizenship at the time of filing and removal is Texas. (Dkt. No. 1 at 2). Defendant Berlanga also alleges he and Defendant Santiago Belden both reside in Tamaulipas, Mexico and are citizens of Mexico. (*Id.* at 3, 4). However, an allegation of residency does not satisfy citizenship for purposes of

diversity. Instead, Defendant Berlanga must establish the place of domicile for all parties.

Accordingly, the Court **ORDERS** Defendant Berlanga to submit supplemental briefing alleging the domicile of the parties **no later than** <u>May 27, 2026.</u>

Additionally, Defendant Berlanga is **ORDERED** to file the executed process for Defendant Berlanga[1] and a list of all counsel of record[2] by **<u>May 27, 2026.</u>** S.D. Tex. L.R. 81 ("Notices of removal shall have attached only the following documents: 1. All executed process in the case; . . . 6. A list of all counsel off record, including addresses, telephone numbers and parties represented.").

IT IS SO **ORDERED**.

**SIGNED** the 22nd day of May, 2026.

$\hspace{6cm}$ _Christopher dos Santos_
$\hspace{6cm}$ Christopher dos Santos
$\hspace{6cm}$ United States Magistrate Judge

---

[1] Defendant Berlanga only attached the executed process for Defendant Belden. (Dkt. No. 1-3).
[2] Although the Notice of Removal alleges to have included a list of all counsel of record, the list was not attached. (Dkt. No. 1 at 5).

3 / 3